J-S12034-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUNIUS CLAIBORNE | : | |
| | : | |
| Appellant | : | No. 2912 EDA 2018 |

Appeal from the PCRA Order Entered September 13, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1006092-1997

BEFORE: SHOGAN, J., McCAFFERY, J., and COLINS, J.*

MEMORANDUM BY COLINS, J.: **FILED JUNE 30, 2020**

Appellant, Junius Claiborne, appeals from the order of the Honorable Steven R. Geroff, of the Court of Common Pleas of Philadelphia County, entered September 13, 2018, that dismissed his fourth petition filed under the Post Conviction Relief Act (PCRA)[1] as untimely, without a hearing. Additionally, John Martin Belli, Esquire (current PCRA counsel) has filed an application to withdraw pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), seeking to withdraw his appearance based on his assessment that the issues Appellant raised in his PCRA petition were without merit. We affirm and grant current PCRA counsel's application to withdraw.

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

The facts underlying this appeal are as follows, taken from the trial court opinion:

> [O]n February 28, 1996, at approximately 5:30 p.m., [Appellant] and Danny Devine went to the 1300 block of South Mole Street to exact vengeance on persons known as Jermaine and Edmund. Earlier that day, Jermaine and Edmund had been involved in shooting Marcus, a friend of [Appellant] and Mr. Devine. It was the intention of [Appellant] and Mr. Devine to kill Jermaine and Edmund. Mr. Devine was armed with a .22 caliber handgun. [Appellant] was armed with a nine millimeter handgun. When they arrived at 1300 South Mole Street, Jermaine and Edmund were already present. Mr. Devine shot first, and Jermaine and Edmund returned fire. [Appellant] joined in shooting at Jermaine and Edmund. The deceased, Shafeeq Murrell, age fifteen, was caught in the line of fire and fatally shot.
>
> Khalil Adams testified that [Appellant] and Mr. Devine were his friends. On February 28, 1996, he was riding in the passenger seat of an automobile which was traveling toward 15th Street on Wharton Street at its intersection with the 1300 block of South Mole Street. Mr. Adams heard gunshots and observed . . . [Appellant] was standing on the southwest corner of Wharton and Mole Streets, firing in a southernly direction along South Mole Street.

Trial Court Opinion at 3.

On January 21, 1999, after a bench trial, Appellant was found guilty of first-degree murder, violations of the Uniform Firearms Act, reckless endangerment of another person and criminal conspiracy.[2] On March 19, 1999, Appellant was sentenced to life in prison on the first-degree murder charge and a concurrent, aggregate, term of ten to twenty years' incarceration

---

[2] 18 Pa.C.S. §§ 2502(a), 6106, 6108, 2705, and 903, respectively.

on the remaining charges. Appellant filed a direct appeal, this Court affirmed his judgment of sentence and our Supreme Court denied allowance of appeal. ***Commonwealth v. Claiborne***, 760 A.2d 423 (Pa. Super. 2000) (table), *aff'd,* appeal denied, 764 A.2d 1064 (Pa. 2000) (table).

On April 16, 2001, Appellant filed his first petition pursuant to the PCRA, the PCRA court denied the petition and Appellant filed an appeal to this Court. This Court affirmed the PCRA court's order and our Supreme Court denied allowance of appeal. ***Commonwealth v. Claiborne***, 828 A.2d 394 (Pa. Super. 2003) (table), *aff'd,* appeal denied, 834 A.2d 1141 (Pa. 2003) (table). Appellant filed a second petition pursuant to the PCRA on November 23, 2003. The PCRA court dismissed the petition. Appellant filed an appeal to this Court and this Court affirmed the PCRA court's order. ***Commonwealth v. Claiborne***, 898 A.2d 1125 (Pa. Super 2006) (table). It does not appear that Appellant filed a petition for allowance of appeal.

On August 9, 2012, Appellant filed a third, *pro se*, petition pursuant to the PCRA challenging the legality of his sentence under ***Miller v. Alabama***, 567 U.S. 460 (2012). A review of the certified record and the trial court opinion make it apparent that no action was taken on Appellant's 2012 PCRA petition and that the petition was not included or considered in the order before us. Therefore, we will not discuss any claims relating to the 2012 PCRA petition. ***See Commonwealth v. Porter***, 35 A.3d 4, 14 (Pa. 2012) (PCRA court did not err in dismissing PCRA petition filed while another, separate, petition was pending before the PCRA court and held in abeyance).

On September 8, 2016, Appellant, *pro se*, filed the PCRA petition that is the subject of this appeal. Appellant stated that he acquired exculpatory evidence that was unavailable at the time of his trial and would have changed the outcome of his trial. **See** 42 Pa.C.S. § 9543(a)(2)(vi). Appellant stated that on June 19, 2016, he was introduced to Mr. Rick Cannon, a fellow inmate, and Mr. Cannon stated that he was "at the scene on the night in question and he remembers distinctly the second individual involved with the shooting being someone other that [sic] the petitioner." **See** Appellant's 9/8/16 PCRA petition, at 6. Appellant attached to his PCRA petition an affidavit from Mr. Cannon, dated July 13, 2016. **See** Appellant's 8/8/16 PCRA petition, Exhibit at 1-2 (unpaginated).

The PCRA court appointed Benjamin Cooper, Esquire (prior PCRA counsel) to represent Appellant, and on January 23, 2018, he filed an amended PCRA petition reiterating the same claim. On June 29, 2018, the Commonwealth filed a motion to dismiss, arguing that Appellant's petition was not timely filed and did not meet any exception to the one-year filing deadline under the PCRA. On July 20, 2018, the PCRA court entered a notice of intent to dismiss Appellant's petition without a hearing, pursuant to Pa.R.Crim.P. 907 (Rule 907 Notice) because the petition was untimely. On August 6, 2018, Appellant filed a *pro se* response to the Rule 907 Notice, stating that he received Mr. Cannon's affidavit on July 15, 2016, and the petition was submitted within 60 days of that date, therefore, the petition was timely. On

September 13, 2018, the PCRA court dismissed Appellant's petition. On September 27, 2018, Appellant, *pro se,* filed a timely notice of appeal.[3]

On December 19, 2018, Appellant filed a *pro se* motion for new counsel with this Court. This Court remanded the matter to the PCRA court for a hearing pursuant to **Commonwealth v. Grazier**.[4] On June 4, 2018, the PCRA court ordered new counsel to be appointed to represent Appellant. On July 31, 2019, prior PCRA counsel was permitted to withdraw and current PCRA counsel was appointed to represent Appellant.

On November 5, 2019, current PCRA counsel filed a **Turner**/**Finley** letter and brief with this Court, along with a motion to withdraw as counsel. Appellant filed a response to PCRA counsel's **Turner**/**Finley** brief on November 15, 2019 and a supplemental response on November 18, 2019. The Commonwealth filed an appellate brief and on February 18, 2020 Appellant filed a reply brief.

_____

[3] We note that Appellant was represented by prior PCRA counsel at the time he filed the *pro se* notice of appeal. **See Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa. Super. 2016) (holding that this Court is required to docket a *pro se* notice of appeal despite Appellant being represented by counsel).

On October 3, 2018, the PCRA court ordered Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On October 17, 2018, Appellant filed a *pro se* Rule 1925(b) statement. **See Commonwealth v. Ali**, 10 A.3d 282, 293 (Pa. 2010) (citation omitted) (appellant was represented by counsel on appeal, so his *pro se* Rule 1925(b) statement was a legal nullity).

[4] **Commonwealth v. Grazier,** 713 A.2d 81 (Pa. 1998).

> Prior to addressing the merits of the appeal, we must review counsel's compliance with the procedural requirements for withdrawing as counsel. . . . Counsel petitioning to withdraw from PCRA representation must proceed under . . . *Turner* . . . and *Finley* . . . and must review the case zealously. *Turner*/*Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed pro se or by new counsel.
>
> Where counsel submits a petition and no-merit letter that satisfy the technical demands of *Turner*/*Finley*, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Muzzy*, 141 A.3d 509, 510–11 (Pa. Super. 2016) (internal citations omitted) (some formatting). Based on our review, we conclude that current PCRA counsel has satisfied the technical demands of *Turner*/*Finley* in his brief. *See Muzzy*, 141 A.3d at 510-11. In addition, counsel has sent the following to Appellant: (1) a copy of the "no merit" brief, (2) a copy of his petition to withdraw, and (3) a statement advising Appellant that he has the right to retain new counsel to pursue the appeal, proceed *pro se*, or raise additional points deemed worthy of the Court's attention. *See* Letter from current PCRA counsel to Appellant (dated November 4, 2019). Accordingly, we must conduct our own independent evaluation of the record

to ascertain whether we agree with PCRA counsel that Appellant is not entitled to relief. *See Muzzy*, 141 A.3d at 511.

The *Turner*/*Finley* brief raises the following issue(s) for our review:

1. Did not the PCRA court err in finding that Appellant's PCRA petition did not qualify for any exception to the PCRA's one-year time limitation, including the newly discovered facts exception under 42 Pa.C.S. § 9545(b)(1)(ii), even in spite of the fact that the petition was filed within 60 days of Appellant receiving and becoming aware of the new facts?

2. Do not the new facts as attested by Rick Cannon entitle Appellant to a new trial?

3. Do not the new facts attested to by Rick Cannon prove that Appellant is actually innocent of the killing of Shafeeq Murrell?

4. Did not the PCRA court err in not holding a hearing where Rick Cannon and Tyron Dixon would have testified regarding Appellant's PCRA claim?

*Turner*/*Finley* Brief at 5. In reviewing an appeal from the denial of PCRA relief, "this Court is limited to ascertaining whether the evidence supports the determination of the PCRA court and whether the ruling is free of legal error." *Commonwealth v. Andrews*, 158 A.3d 1260, 1263 (Pa. Super. 2017) (citation omitted). The timeliness of a post-conviction petition is jurisdictional and "this Court may not ignore it in order to reach the merits of the petition." *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). "When a PCRA court lacks jurisdiction to consider the merits of a petition, we likewise lack jurisdiction to consider an appeal from disposition of the petition."

***Commonwealth v. Harris***, 114 A.3d 1, 6 (Pa. Super. 2015) (citation omitted).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final. ***See*** 42 Pa.C.S. § 9545(b)(1). A petitioner can circumvent the one-year time bar if the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in section 9545(b) of the statute.[5] ***See*** 42 Pa.C.S. § 9545(b)(1). Any petition attempting to invoke these exceptions "shall be filed within sixty days of the date the claim could have been presented." ***Id***. § 9545(b)(2).[6]

_____

[5] The three exceptions are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545 (b)(1).

[6] On October 24, 2018, the General Assembly amended Section 9545(b)(2), extending the time for filing a petition from sixty days to one year from the date the claim could have been presented. 2018 Pa. Legis. Serv. Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies only

Appellant's judgment of sentence became final on February 15, 2001, ninety days after the Pennsylvania Supreme Court denied the petition for allowance of appeal on November 17, 2000.  U.S. Sup. Ct. R. 13.  Appellant had one year thereafter to file a PCRA petition – i.e., until February 15, 2002. ***See*** 42 Pa.C.S. § 9545(b)(1).  Appellant filed the current petition on September 8, 2016, over fourteen years late.  Therefore, Appellant's petition was patently untimely and Appellant can only circumvent the one-year time bar by timely invoking one of the three exceptions set forth in Section 9545(b)(1).

Appellant attempted to circumvent the time bar by invoking the exception at 42 Pa.C.S. § 9545(b)(1)(ii), which states that "the facts upon which the claim is predicated were unknown to [him] and could not have been ascertained by the exercise of due diligence."  ***See*** 42 Pa.C.S. § 9545(b)(1)(ii).  Appellant argued that he successfully plead that he did not know of the existence of the witness and could not have learned of his existence with due diligence.  Appellant argued that he filed his PCRA petition on September 8, 2016, within sixty days of July 13, 2016, the date of the

_____

to claims arising one year before the effective date of this section, which is December 24, 2017, or thereafter.  This amendment does not apply to Appellant's claim, which arose on June 16, 2016.

affidavit from Mr. Cannon, and, therefore, he has timely invoked an exception to the one-year time limit.[7]

"The relevant date for time bar exception is when petitioner learned of information, not date it was reduced to writing in statement." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1269 n.11 (Pa. 2008). Appellant admitted in his PCRA petition that he first learned of the information relayed in Mr. Cannon's affidavit on June 16, 2016. *See* Appellant's 9/8/16 PCRA petition, at 6. The 60-day day period expired, at the latest on August 16, 2016. Appellant filed his petition on September 8, 2016, beyond the sixty-day period. Therefore, Appellant's petition does not timely invoke an exception to the one-year time bar under the PCRA.[8]

The PCRA court's decision to "deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, . . . is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015) (citation omitted). No hearing was necessary because Appellant's admission in his PCRA petition

---

[7] We note that Appellant, in his *pro se* response to the PCRA court's 907 Notice, stated that he did not receive the affidavit until July 15, 2016. This does not affect the timeliness analysis.

[8] Although Appellant argued that he demonstrated that he did not know of the existence of the witness and could not have learned of his existence with due diligence, we need not discuss this as we find that Appellant did not satisfy the time requirement of Section 9545(b)(2).

established that it was untimely. We find no abuse of discretion in the PCRA court's decision to dismiss Appellant's PCRA petition without an evidentiary hearing, as the petition was untimely.[9]

Consequently, the PCRA court was without jurisdiction to review the merits of Appellant's claim and properly dismissed his petition. As we agree that Appellant's claims on appeal are without merit, we also grant PCRA counsel's petition to withdraw.

Petition to Withdraw Granted. Order Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/30/2020

---

[9] Appellant, in his *pro se* response to PCRA counsel's **Turner**/**Finley** brief, presents an argument pertaining to **Miller v. Alabama**, that was presented in his 2012 PCRA petition. As explained above, because no action was taken on that PCRA petition by the PCRA court, we decline to address this issue, even though Appellant, in his brief, refers to his 2016 PCRA petition as an "amended" petition. **See Porter**, 35 A.3d at 12 (citation omitted) (misdesignation does not preclude a court from deducing the proper nature of a pleading).